**Order filed October 1, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00232-CR

_____

## LEONCIO ESPINOZA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-18-1422-CR**

### O R D E R

Appellant, Leoncio Espinoza, Jr., pleaded not guilty to eleven offenses of sexual assault of a child. After a consolidated trial on all eleven offenses, the jury acquitted Appellant of two of the offenses, convicted him of the remaining nine offenses, and assessed punishment at imprisonment for twenty years on each of the

nine convictions. The trial court ordered that the sentences be cumulated. We abate the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has professionally and conscientiously examined the record and applicable law and that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, and the appellate record and has advised Appellant of his right to review the record and file a response to counsel's brief. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response in which he asserts several issues. In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that the appeal is frivolous. We are of the opinion that there are arguable grounds for appeal. In this regard, an appeal arising from a contested trial on guilt/innocence is not readily amenable to disposition under *Anders*.

2

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the cause to the trial court for the appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d at 826–27. We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before October 23, 2020. Appellant's brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

October 1, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.